UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § |
| | § CRIMINAL NO.: H-13-628-SS |
| HORTENCIA MEDELES-ARGUELLO | § |
| aka RAQUEL MEDELES GARCIA | § |
| aka TENCHA | § |

## MOTION FOR ORDER OF MANDATORY RESTITUTION

Araceli Lucas, an identified victim in this case, by and through her attorneys, files this Motion for Order of Mandatory Restitution and states as follows.

### I.   BACKGROUND

On October 9, 2013, Hortencia Medeles-Arguello (aka Raquel Medeles Garcia, aka Tencha) ("Defendant") was indicted by the United States on seven (7) counts including conspiracy to commit sex trafficking, conspiracy to harbor aliens, and money laundering in the United States through activities organized and supervised by Defendant at the Las Palmas property, which she owned and operated. The United States filed a superseding indictment on January 14, 2015.

On April 16, 2015, Ms. Lucas testified at trial about the exploitative sex trafficking network controlled by Defendant and administered by her associates, including Mr. Javier Bonilla. Ms. Lucas was identified through her testimony and other evidence as Defendant's victim. On April 24, 2015, the jury found Defendant guilty on six counts including conspiracy to commit sex trafficking, conspiracy to harbor aliens, and money laundering. *See generally*

Superseding Criminal Indictment, Jan. 14, 2015, ECF No. 419; Verdict Form, Apr. 24, 2015, ECF No. 503.

Ms. Lucas, through her attorneys of record, will present a victim impact statement regarding the harm she suffered at the hands of Defendant. *See generally* Ex. A, Nov. 2, 2015 Victim Impact Statement.

In her statement, Ms. Lucas describes the process by which she was targeted by a young man (Mr. Bonilla), who earned her trust over an eight month period in Mexico. Mr. Bonilla convinced Ms. Lucas that he loved her and convinced her to join him in Houston, Texas. Upon her arrival in Texas, Mr. Bonilla immediately changed his attitude and countenance toward Ms. Lucas. He was angry and annoyed, blaming most of his problems on the financial cost of transporting Ms. Lucas to Houston.

Mr. Bonilla, as part of Defendants' scheme, used his relationship with Ms. Lucas to manipulate her into prostitution at Las Palmas. Having already gained her trust, Mr. Bonilla convinced Ms. Lucas that it was the only way she could make enough money to pay back the people who brought her to the United States. For six months, Defendant profited from the sexual exploitation of the underage Ms. Lucas, who worked twelve (12) hour shifts six days a week and saw up to 25 customers in a single day.

As a result of Defendant's crimes, Ms. Lucas has experienced severe emotional pain including despair and isolation from her family in Mexico. She is fearful, shy, and unwilling to trust people or build relationships as she tries to move on with her life and forget the travesties inflicted upon her. Moreover, Ms. Lucas is undergoing medical treatment for reproductive issues caused by her sexual exploitation. She may never be able to have children as a result of

Defendant's crimes. Even with the best treatment and circumstances going forward, Ms. Lucas will never be able to fully recover from the harm committed against her.

## II.     ARGUMENT

### A.     Ms. Lucas is a Crime Victim Entitled to Mandatory Restitution

Pursuant to 18 USC § 1593(c), "the term 'victim' means the individual harmed as a result of a crime under this chapter . . . . " Here, Defendant was convicted of sex trafficking – a crime under this chapter. *See* 18 USC § 1591.

Ms. Lucas' testimony at trial, in addition to the testimony of other witnesses, confirmed that Defendant targeted underage girls, used fake "boyfriends" to earn the trust of the victims, and then manipulated the girls into her underage prostitution ring at Las Palmas. As a result of this abuse and conspiracy, Ms. Lucas suffered from and continues to suffer from severe psychological and physical illnesses. The exploitation of Ms. Lucas was done in furtherance of the conspiracy to commit sex trafficking, which benefitted Defendant financially. As such, Ms. Lucas is a victim of Defendant's crime and is entitled to restitution.

The payment of restitution to Ms. Lucas is mandatory, not discretionary. 18 U.S.C. § 1593 provides in pertinent part:

> (a) …the court **shall** order restitution for any offense under this chapter.
>
> (b)(1) The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses, as determined by the court under paragraph (3) of this subsection. (2) An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.
>
> (3) As used in this subsection, the term "full amount of the victim's losses" has the same meaning as provided in section 2259(b)(3) and shall in addition include the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et. seq.)…

(Emphasis added).

18 U.S.C. §2259(b)(3) in turn states that the term "full amount of the victim's losses" includes "lost income; attorneys' fees, as well as other costs incurred; and any other losses suffered by the victim as a proximate result of the offense." 18 U.S.C. § 2259(b)(3)(D)-(F).

Applying these standards to the instant case, Ms. Lucas seeks restitution in the total amount of $490,229.10. The specific losses, harms and costs that were the result of the Defendant's crimes and that comprise Ms. Lucas' restitution claim are summarized as follows and detailed in an expert report. *See generally* Ex. B, Expert Witness Report of Robert A. Levine, CPA/ABV, CGMA.

**Lost Income**

Ms. Lucas asserts her right to restitution of past, present and future lost wages. *See* 18 U.S.C. §§1593, 2259. *See also* §§3663A(b)(C), 3771. Starting when Ms. Lucas was 15 years old, the Defendant's sex trafficking ring pulled her away from her life as a student in Mexico. She was targeted, manipulated, and exploited all for the financial gain of Defendant and her associates. Before meeting Mr. Bonilla, Ms. Lucas dreamed of studying at the university and becoming a psychologist. That dream is now gone. Mr. Bonilla convinced Ms. Lucas to drop out of school under the false premise that he would take care of her. He and Defendant did quite the opposite. With her dreams squashed – isolated from her family and school – Ms. Lucas has been forced to make a life built on little if any educational achievement.

Ms. Lucas' lost wages have been determined by Stout Risius Ross ("SRR")'s Robert A. Levine, a Manager in SRR's Dispute Advisory & Forensic Services Group. One of SRR's focuses is Valuations & Financial Opinions. Mr. Levine is a Certified Public Accountant with an

Accreditation in Business Valuation. Mr. Levine is also designated as a Chartered Global Management Accountant. He is well-qualified to issue a lost wage analysis.

SRR estimates Ms. Lucas' total lost earnings claim to be $231,438. *See* Ex. B at 19 and internal Ex. C. The calculation is based on Ms. Lucas' testimony and the accompanying Victim Impact Statement. The calculations are "reasonably consistent with various studies regarding the impact of abuse on the economic well-being of victims." *See* Ex. B at 21. Thus, Ms. Lucas respectfully requests $231,438 in lost wages.

### Additional Mandatory Restitution (Value of Victim's Services to Defendant)

In addition to the lost wage claim, Ms. Lucas asserts her right to additional mandatory restitution pursuant to 18 U.S.C. §1593(a)(3). The calculation is based on "the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act."

SRR calculates Ms. Lucas' additional mandatory restitution claim to be $185,250, which is the greater of the value of the services performed for Defendant and the amount Ms. Lucas would have earned during the same time period under FLSA minimum wage requirements. *See* Ex. B at 20, internal Ex. D. Ms. Lucas worked at Las Palmas for six months. During that time, her services were valued at approximately $7,125 per week. *See* Ex. B at 20. The calculation is based on Ms. Lucas' testimony and the accompanying Victim Impact Statement. Accordingly, Ms. Lucas respectfully requests $185,250 in additional mandatory restitution.

### Attorneys' Fees and Costs

During these proceedings, Ms. Lucas has been represented by attorneys from Morgan, Lewis & Bockius LLP and Dykema Cox Smith. Ms. Lucas' attorneys researched applicable law, prepared the applicable motions and filings, and advised Ms. Lucas throughout the judicial

process. The attorneys' fees and costs incurred as a result of representing Ms. Lucas is $73,541.10.[1] Both firms have represented Ms. Lucas on a pro bono basis. Consequently, the attorneys' fees awarded will be donated to non-profit charities that assist victims of human trafficking.

### III.   CONCLUSION

Ms. Lucas respectfully requests restitution from the Defendant for lost wages in the amount of $231,438, additional mandatory restitution in the amount of $185,250, and attorneys' fees and costs in the amount of $73,541.10 for a total claim of $490,229.10.[2]

---

[1] *See* Ex. C, Invoices for Fees and Costs, Dykema Cox Smith & Morgan, Lewis & Bockius LLP.

[2] Ms. Lucas' restitution claim is further supported by 18 USC §§ 3663 and 3663A. However, this motion focuses on the specific application of 18 USC § 1593, which prescribes mandatory restitution for victims of sex trafficking crimes.

- 7 -

Date:  December 15, 2015

Respectfully submitted,

/s/ *Lewis A. Smith*
Lewis A. Smith
Texas Bar No. 24088439
Southern District of Texas Bar No. 2292401
lsmith@morganlewis.com
*Attorney-in-Charge*
Denise Scofield
Texas Bar. No. 00784934
Southern District of Texas Bar No. 15295
dscofield@morganlewis.com
Craig A. Stanfield
Texas Bar No. 24051371
Southern District of Texas Bar No 789722
cstanfield@morganlewis.com
*Of Counsel*

MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
T.  713.890.5000
F.  713.890.5001

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2015, a true and correct copy of the foregoing was served via the ECF system or regular mail on all counsel of record.

*/s/ Lewis A. Smith*
Lewis A. Smith